Archibald C. Wemple, J.
The defendant herein is now an inmate of Green Haven Prison, having been sentenced by this court as a first offender to a term of 5 to 15 years after a plea of guilty to a charge of robbery second, to a charge of assault second and grand larceny first. Upon his conviction defendant received concurrent sentences. By order of this court dated December 26,1956 the sentence of June 9,1953 was modified by deleting therefrom the concurrent sentences on the assault and grand larceny charges.
In its decision, referring to the sentence this court commented that the sentence of 5 to 15 years given to this defendant on the roibbery charge was “not excessive ” and “that the remand of the defendant to Schenectady County for resentence would serve no useful purpose nor would the defendant benefit thereby ”.
Defendant has intermittently brought before this court other applications for resentence charging illegality of the sentence, lack of due process and fraud — all of which have been given careful attention by the court.
Defendant now makes application for resentence on the ground that he was denied the right to be heard on the occasion of Ms sentence on June 9,1953. Defendant more particularly contends that his right of “ allocution” was denied him in violation of section 480 of the Code of Criminal Procedure. Defendant contends that he had not waived this right. He further alleges that the right is a substantial right which cannot be derned him. Defendant also argues that even if his ultimate resentence turned out to be no different, still by reason of the deprivation of his right to speak, his present sentence is illegal.
The District Attorney points out that following the usual questions concerning the voluntary nature of the plea, the defendant was specifically asked if he wished to be heard, to *795 which question the defendant answered “no”. The stenographic minutes of the record do not recite this particular question and answer. However, defendant at time of sentence did sign a written statement in which the specific question was asked and to which he gave a negative answer. This statement in written form bearing defendant’s signature is contained in the file of the case maintained by the County Clerk.
The Federal courts require that a sentencing Judge ask a defendant before imposition of sentence whether he wishes to be heard. This same rule has been followed in New York State in “ capital cases ”. Section 480 of the Code of Criminal Procedure merely says: 1‘ When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him”. In the instant case there is found on page 14 of the minutes of this court of June 9, 1953, the following:
“ The Court: Is there any good or sufficient reason why judgment and sentence should not be pronounced at this time?
“ Mr. Amyot: There is not.”
It should be noted that defendant’s attorney replied — not the defendant in person — to the question propounded under section 480 of the code. There is nothing in the record to show whether the defendant attempted to speak or even wanted the opportunity to speak. The record merely shows that defendant’s attorney did speak on the matter of restitution and then after alluding to the war record of defendant, requested fairness and lenience of the court in setting the sentence. It should also be noted that to have legal cause why sentence should not be pronounced or merely to give an opportunity to a defendant to speak for himself in mitigation of punishment are two very different things. Certainly the recitation of a legal cause in arrest of judgment, such as insanity, sets up a barrier to imposition of sentence. It is a pole apart from a statement requesting clemency on account of restitution, war record, or other grounds.
The novel point upon which this application is based raises a point of procedure which may be of interest to all sentencing Judges in the State of New York. In order to avoid any question in the instant case, it is directed that the defendant be returned by the Sheriff to the County of Schenectady for resentence. Thus the defendant will be afforded “ an opportunity to be heard ” before resentence on the charge of robbery second. The order is granted in the interests of justice.